## MADDEN vs. BARNES and another.

VENDOR AND PURCHASER of land. *Vendor's lien, after receipt of vendee's check for price.*

Where a vendor of land receives the vendee's bank check for the amount of a cash payment, a withdrawal by the vendee of his funds from the bank before presentation of the check, leaving nothing to pay it, is a fraud upon the vendor; and he will retain his equitable lien upon the land for the amount of such check. So *held* where the vendee's funds were withdrawn about two weeks, and the check presented nearly four weeks, after its date.

APPEAL from the Circuit Court for *Rock* County.

For the appellants, there was a brief by *Cassoday & Carpenter*, and oral argument by *Mr. Cassoday*.

For the respondent, there was a brief by *Winans & McElroy*, and oral argument by *Mr. Winans*.

ORTON, J. On or about the 12th day of May, 1876, Clarence L. Steele and *William Q. Barnes*, appellant, purchased of *James Madden*, the respondent, certain lands and lots in the city of Janesville, for the sum of $2,700, and received a conveyance of the same. The consideration was paid, or agreed to be paid, as follows: A mortgage upon the premises to one John Conway for $1,337.70 assumed, and a mortgage given

upon the premises to secure the payment of $400, and a secured note for $600, and a cash payment for the balance of $362.30. As or for this cash payment, Steele gave the respondent his check for said sum of $362.30, drawn on the First National Bank of Janesville, dated May 15, 1876. At this time, Steele had funds in said bank more than sufficient to meet and pay said check; but on and after the 31st day of the same month, he drew out of said bank all of his funds, leaving none to be applied to the payment of the check; and when, on the 13th day of June thereafter, the respondent presented the check at the bank, the payment thereof was refused for that reason.

The respondent at once notified Steele and *Barnes* of the nonpayment, and demanded the money, which was refused.

This suit is brought to enforce an equitable lien upon the premises for, as it is claimed, this unpaid part of the purchase money.

The law which must govern this case is tersely and comprehensively expressed by Mr. Justice COLE, in *Willard v. Reas*, 26 Wis., 540: " The vendor has an equitable lien upon the estate sold, for the unpaid purchase money, as between [himself] and the [purchaser], unless there is either an express or implied agreement to waive such lien."

The only real question in this case, and unembarrassed by other questions discussed most ably by the appellant's counsel, which we do not deem material, is, Was there a waiver of the equitable lien of the respondent upon the premises for this part of the purchase money, by this transaction of the check? We are clearly of the opinion that there was no waiver of the lien, and no intention on the part of the respondent to waive such lien, nor any anticipation or expectation, at the time, that any contingency might occur by which this unpaid part of the purchase money would continue the liability of Steele and *Barnes* beyond the time of the presentation of the check to the bank, and therefore no waiver of such lien could have been contemplated or considered by the respondent. In this respect the case would seem to come within the principle of *De Forest v. Holum*, 38 Wis., 516. Applying the language of the opinion

in that case, by the learned chief justice, to the facts in this, the principle may be stated: "Failing the contingency, the whole purchase money was satisfied [by the notes and mortgage given, and the mortgage of Conway assumed, and the giving of this check]; happening the contingency, another sum would then become the purchase money," etc, The contingency in this case, by which this part of the purchase money remained unpaid, and a continuing liability of Steele and *Barnes* to the respondent therefor, was the unexpected act of Steele in withdrawing the fund from the bank upon which the check was drawn; and such a contingency, so unexpected by the respondent and so unlikely to occur, repels the idea, or even the presumption, that the respondent intended by taking the check to waive his lien.

A check upon a bank purports to be drawn upon a deposit in the bank by the drawer (2 Daniel on N. I., § 1569); and if there was no such deposit in the bank, it would be a fraudulent check; and though a check, nevertheless it would certainly be no payment in itself. The check presupposes a fund in the bank at the time; and does it not also presuppose that such fund shall so remain in bank to meet the check when presented, or at least that the drawer of the check will not commit the fraud of withdrawing the fund from the bank?

When such a fraud is committed, the vendor will not lose his lien on the estate sold, for such part of the purchase money as remains unpaid, by reason of the fraud. *Tobey v. McAllister*, 9 Wis., 463. Such withdrawal of his funds from bank by the drawer of the check before its presentation, is a fraud upon the vendor to whom the check is given in the place of the payment of money. 2 Daniel on N. I., § 1596, and cases cited in note. These principles are so obvious and elementary that it would be a waste of time, and imply a doubt where there is absolute certainty, to elaborate or pursue the subject further.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.

RYAN, C. J., took no part.