KULLING *v.* KULLING.

1. VENDOR AND PURCHASER—EXCHANGE OF LAND—VENDOR'S LIEN.
   Where an exchange of real estate was effected with the understanding that one of the parties should be paid a difference in cash, for which no security was given him, he was entitled, in the absence of waiver, to assert a lien for such balance, if unpaid.

2. SAME—ALLOWANCE OF INTEREST.
   Where, in a suit to establish and enforce a vendor's lien, the complainant does not know to what time the purchaser has paid interest on the unpaid balance of the purchase price, interest will only be allowed from the time of filing the bill.

Appeal from Wayne; Donovan, J. Submitted February 6, 1900. Decided May 15, 1900.

Bill by Veronica Kulling against Frantz Kulling and wife to enforce a vendor's lien. From a decree dismissing the bill, complainant appeals. Reversed.

*Bloom & Bloom,* for complainant.

*Overton L. Kinney,* for defendants.

MONTGOMERY, C. J. This is a bill to enforce a vendor's lien. The defendant Frantz Kulling is the son of complainant. Complainant and her husband were in 1893 owners by the entirety of a house and lot in the city of Detroit. Defendant was the owner of a 60-acre farm in Macomb county, incumbered by a mortgage of $1,300. The parties made an exchange. The house and lot were called $1,600, the farm $2,100, and the equity $800. Defendant paid $300 of the difference, and complainant, who by the death of her husband has succeeded to all rights to the unpaid purchase price, asks a vendor's lien. The record shows these facts with sufficient clearness. The circuit judge dismissed the complainant's bill without

prejudice,—evidently for the reason that he thought she should be left to her suit at law.

We think complainant is entitled to assert the lien. *Carroll* v. *Van Rensselaer*, Har. Ch. 225; *Dunton* v. *Outhouse*, 64 Mich. 419 (31 N. W. 411). We do not discover any waiver of the right to assert this lien as against defendants. Some payments of interest were made, but the record is not quite clear as to the amount. The bill states complainant's inability to give the amount. Under these circumstances, we think the decree should provide for the payment of the unpaid principal, with interest from the date of filing the bill. Sale may take place after 60 days from the date of this decree. The complainant will recover costs of both courts.

The other Justices concurred.