# Cook & Co. v. Malone & Sons.

*Action of Assumpsit.*

1. *Plea of set off; burden of proof; charge to the jury.*—When set off is pleaded, the burden of establishing the truth of such plea rests on the defendant; and when, to establish such plea the defendant introduced evidence tending to prove that the plaintiff owed him for the price of cotton sold, and the plaintiff's evidence tends to show that when they bought the cotton they paid the defendant for it in cash, a charge is free from error which instructs the jury that the burden of proof

is on the defendant to establish the fact that the plaintiff bought the cotton and that they had not paid the defendant for said cotton.

2. *Evidence; admissibility thereof.*—Where on the trial of a case, the evidence is conflicting as to a material fact under the issues as formed, testimony which of itself is not relevant to any issue in the case, but which is corroborated by other testimony upon a disputed point, is admissible.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

This was an action of asumpsit brought by the appellees against the appellants to recover $106.37, with interest, alleged to be due the plaintiffs from the defendants. The defendants pleaded the general issue and also interposed pleas of set off, in which they alleged that the plaintiffs were indebted to the defendants in the sum of $128, which was due and unpaid. The evidence in reference to the pleas of set off is sufficiently stated in the opinion.

During the examination of R. E. Cook, one of the defendants, he testified to the fact of the selling of the cotton to the plaintiffs and that the plaintiffs had never paid for the said cotton. This witness denied in his testimony that he was in Dothan on December 20, 1897, on the day the cotton was alleged to have been sold.

Several witnesses examined for the plaintiff testified positively to R. E. Cook being in Dothan on December 20, 1897, and to the fact that the plaintiffs paid said Cook the money for the cotton at the time it was purchased on said date—December 20, 1897.

During the examination of one Espy as a witness, and after he testified that the saw R. E. Cook in the plaintiff's store in Dothan on December 20, he further testified that he was not positive that it was on December 20th, but that he was in Dothan only once about December 20, 1897, and when there he carried cotton to the warehouse of J. F. Dorsey.

Upon the examination of J. F. Dorsey as a witness he was asked by the plaintiff if the witness "Espy was in Dothan on the 20th of December, 1897?" The defendants objected to the question, because it called for illegal,

[Cook & Co. v. Malone & Sons.]

irrelevant and immaterial testimony, and duly excepted to the court's overruling their objection. Upon this witness answering that said Espy was in Dothan on December 20, 1897, the defendants moved to exclude said answer upon the ground that it was illegal, irrelevant and immaterial testimony. The court overruled the objection, and the defendant duly excepted.

The portion of the court's general charge to which the defendants separately excepted is copied in the opinion. The defendants asked the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "The court charges the jury that if they believe from the evidence that Malone & Sons bought the six bales of cotton from the defendants on the 20th of December, 1897, then the burden of proof is on the plaintiffs to reasonably satisfy the jury that they have paid the defendants for the same, and failing so to do their verdict will be for the defendants."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

H. A. PEARCE, for appellant.—The party pleading or relying on payment must prove it; the fact is peculiarly within his knowledge, and though his adversary in pleading negatives it, the negative averment is taken as true until disproved.—*Sampson v. Fox*, 109 Ala.672; 3 Brick. Dig. 698, § 1; 2 Greenleaf on Evidence, 516; *Lehman v. McQueen*, 65 Ala. 572; *Pearce v. Walker*, 103 Ala. 250.

ESPY, FARMER & ESPY, *contra*, cited Waterman on Set Off, p. 92, § 79; 3 Brickell's Digest, 433, §§ 388-392.

SHARPE, J.—To establish their pleas of set-off the defendants introduced evidence tending to prove that the plaintiffs owed them the purchase price of cotton sold by them to the plaintiffs. Plaintiffs resisted that claim by evidence tending to show they bought the

cotton for cash then presently paid to defendants. The court gave the following among other instructions to the jury: "The burden of proof is on the defendants to establish the fact that Malone and Sons bought the six bales of cotton, and that they had not paid the defendants for said cotton." It is here insisted for defendants that the charge violated the rule stated generally in 3 Brick. Dig. 698, sections 1 and 2, and applied to a cross action of set-off in *Snodgrass v. Caldwell*, 90 Ala. 318, which subjects the party relying on the defense of payment to the burden of proof. That rule is applicable only where the issue is whether an indebtedness assumed to have been in existence has been discharged by payment. In this case the payment the plaintiff sought to prove was not of a debt, but was one occurring in the consummation of a cash purchase. A sale wherein no credit is either expressly or impliedly given but which is strictly for cash is not consummated until the consideration is paid.—1 Benj. on Sales, §§ 335 *et seq.; Shines v. Steiner*, 76 Ala. 458; *Blackshear v. Burke*, 74 Ala. 239. In such a sale payment concurs with the passing of ownership in the property so that no indebtedness for the price can intervene.

On the trial the controversy and conflict in evidence was as to the character of the sale of cotton; whether it was such as gave rise to an indebtedness rather than as to whether an indebtedness had been paid. As applied to that issue the court's charge was correct. The burden of proving a *prima facie* case for allowance of the set-off was certainly on the defendants.—*Brigham v. Carlisle*, 78 Ala. 243. To make such a case it was incumbent on them at least to show not merely a sale of the cotton claimed, but such a sale as brought the plaintiffs in debt to them, and this called for proof that cash payment was not made.

For the same reasons the charge requested by the defendant was properly refused.

Dawsey's statement in evidence was admissible, being corroborative of other testimony upon a material and disputed point.

The judgment will be affirmed.