GEORGIA STATE BUILDING AND LOAN ASSOCIATION *v.* CHARLES R. SHANNON.

USURY. *Contracts. Place of performance. Intent of parties.*

When, according to the real intention of the parties, a loan made by a corporation of another state to a citizen of, and secured by mortgage on lands in, this state, is to be paid here, the usury laws of this state are applicable thereto, although the contract contains a provision for payment in another state, whose laws are dissimilar.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Shannon, appellee, was plaintiff in the court below; the Georgia State Building and Loan Association, appellant, was defendant there. The case was once before in the supreme court, and is reported, *Georgia State Building and Loan Association* v. *Shannon,* 78 Miss., 955, which report and the opinion then delivered gives a statement of the facts. After the case was remanded a second trial was had in the court below, resulting in a judgment for the plaintiff, from which the defendant appealed (the present, a second appeal) to the supreme court.

*Saucey & Saucey,* for appellant.

*Frank Johnston, Shannon & Street,* and *Sterling & Harris,* for appellee.

Argued orally by *E. Sancey,* for appellant.

Whitfield, C. J., delivered the opinion of the court.

This case is controlled by the former opinion in this case, (78 Miss., 955, s.c., 30 So., 51), and the opinion recently delivered in *Association* v. *Brahan, ante,* 407, s.c., 31 So., 840. We note that the case of *Association* v. *Burch,* 124 Mich., 56 (82 N. W., 837), cited with approval by us in the last-cited case, is re-reported in 83 Am. St. Rep., 311; and the learned editor, Mr. Freeman, there says, at page 319: "Usury —Conflict of Laws. A loan by a corporation to a citizen of another state, secured by a mortgage on land in that state, at usurious interest there, is governed, in the settlement of interest on foreclosure, by the law of the latter state, although the contract of loan and mortgage stipulates that it is solvable by the laws of the state of the domicile of the corporation, and is made with reference to its laws. *Meroney* v. *Association,* 116 N. C., 882; 21 S. E., 924; 47 Am. St. Rep., 841. See, further, *Hale* v. *Cairns,* 8 N. D., 145; 77 N. W., 1010; 44 L. R. A., 216; 73 Am. St. Rep., 746; *Trust Co.* v. *Auten,* 68 Ark., 299; 57 S. W., 1105; 82 Am. St. Rep., 295." The facts in this case are in all material respects the same as when the case was here before.

*Affirmed.*