## ROY et al. v. HARNEY PEAK TIN MINING, MILLING & MANUFACTURING CO. et al.

While one's agreement not to contest another's application for a patent to public land is valid, that being a matter affecting his own property, his agreement not to protest against the other's application is void, as against public policy.

Where plaintiff conveyed land to defendant in execution of his contract to do so in consideration of defendant's agreement not to contest or protest against plaintiff's application for a patent to land, he may not have a remedy at law or have the deed canceled because of defendant's breach of his illegal agreement not to protest the application, there being no allegation of fraud in the procuring of the deed.

Where plaintiff agreed to, and in execution of his contract did, deed land to defendant, in consideration of defendant's agreement not to. contest or protest against an application by plaintiff, plaintiff's remedy for defendant's agreement not to protest is by action for damages, and not for rescission of the deed, in the absence of a showing of fraud in procuring the contract, defendant's agreement, which he violated, being in effect a condition subsequent.

(Opinion filed, December 21, 1906.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by William Roy and another against the Harney Peak Tin Mining, Milling & Manufacturing Company, and others. From orders overruling demurrers, defendants appeal. Reversed.

*Chauncey L. Wood, Edwin Van Cise,* and *Frank L. Grant,* for appellants. *Fred H. Whitfield,* for respondents.

CORSON, J. This is an appeal from orders of the circuit court overruling defendants' demurrers to the complaint.

The plaintiffs in their complaint after setting forth the incorporation of the defendant, the Harney Peak Tin Mining, Milling & Manufacturing Company, the appointment of defendant Ledoux as receiver, the application of the plaintiffs to enter a 160-acre tract of land as a homestead near Keystone in Pennington county alleges as follows: That thereafter the defendant A. R. Ledoux, as receiver for the defendant corporation, by and through his local resident agent, one Frank P. Williams, threatened to oppose said final entry and have said final receipt canceled, and prevent the plaintiffs from receiving a patent to said lands and homestead on

behalf of the defendant corporation, and was about to file a protest or contest, after said final proof, for said purpose. Thereupon the plaintiffs and the defendant A. R. Ledoux, as such receiver, by and through his said local agent, Frank P. Williams, made and entered into a contract or agreement whereby it was mutually agreed that, if the said plaintiff would convey to the defendant A. R. Ledoux, as receiver, a certain five-acre strip of said homestead lands above mentioned, the defendants would withhold all opposition to said final entry and the issuance of patent, and would not contest, protest, or oppose in any manner the claim of plaintiffs to their said homestead lands or the issuance of patents therefor, and would put plaintiffs to no costs, expense, trouble, or annoyance in regard thereto. That, pursuant to said agreement and for no other consideration, the plaintiffs duly made, executed, acknowledged, and delivered to the said defendant A. R. Ledoux, receiver, their certain warranty deed, dated October 15, 1900, and thereby conveyed to the said defendant A. R. Ledoux, in fee, five acres of said homestead lands as therein described, being the identical strip and portion of said land which was so mutually agreed should be conveyed. That the plaintiffs did and performed all the conditions and obligations of said agreement on their part to be kept and performed; and said defendant A. R. Ledoux, receiver, has, ever since said delivery of said deed, kept and retained the same. Defendants further allege that said Ledoux, in violation of said agreement, filed in behalf of the said corporation a protest against the plaintiff's said entry of his said homestead and demanded the cancellation of the said entry; that thereupon a hearing was had and the said protest dismissed; that subsequently a second protest was filed, and, upon a hearing, the same was dismissed; that Ledoux filed and had recorded the said deed so executed and delivered to him by the plaintiffs; that the plaintiffs, by reason of the said protest, were put to great expense in procuring counsel and witnesses, and that the defendants are insolvent. Plaintiffs further allege that the United States Circuit Court in which the action was pending, in which the said Ledoux was appointed receiver, authorized the plaintiffs to bring this action against the said receiver and the said corporation; that demand has been made upon

said receiver for the cancellation and surrender of said deed which has been refused by the defendant and the plaintiffs, therefore, demand judgment against defendants for the cancellation and return of the deed * * * and for the reconveyance and return to the plaintiffs of the said tract of land therein described and thereby conveyed, and for such other and further relief, etc. The demurrer of the defendant corporation was interposed upon the following grounds: (1) The court has no jurisdiction of the subject of the action; and (2) that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs, or either of them, against this defendant. The demurrer of the defendant Ledoux, as receiver, was upon the same grounds.

The learned counsel for the appellant have specified in their brief a large number of objections to the sufficiency of the complaint, but in the view we take of the case, it will only be necessary to notice the third and sixth objections. The third objection is as follows: "Another objection to this complaint is it states a contract or consideration for this deed, both contrary to the policy of express law and contrary to good morals." It will be observed that it is alleged in the complaint that the defendants, in consideration of the execution of the deed set forth therein, agreed not to contest plaintiffs' application for a patent and not to file a protest against the same. While the defendants undoubtedly had the right to agree not to contest plaintiffs' application for a patent as that was a matter affecting defendants' own property, and they could lawfully contract not to contest plaintiffs' application for patent, the agreement not to protest against the plaintiffs' application was clearly against public policy and void. A protest in such a case is giving the Land Department information or supposed information that has come to the knowledge of the protestant that the applicant for a patent has concealed from the Land Department facts which he ought to have disclosed to them, is proceeding to make the entry upon false testimony or some other fact that would show to the Land Department that the applicant was not entitled to the patent. It is not competent, therefore, for a party having knowledge of such facts to enter into a contract or agreement that he

will not present them to the Land Department, and, as before stated, such a contract is clearly against public policy and void. Damrell v. Meyer, 40 Cal. 166; Huston v. Walker, 47 Cal. 484; Snow v. Kimmer, 52 Cal. 624; Hoyt v. Macon, 2 Colo. 502; Oaks v. Heaton et al., 44 Iowa 116; McCue v. Smith, 9 Minn. 252; Evans v. Folsom, 5 Minn. 422; Mellison et al v. Allen, 30 Kan. 382, 2 Pac. 97; Nichols v. Council, 51 Ark. 26, 9 S. W. 305. It will be observed from the allegations of the complaint that the defendant Ledoux has performed the legal part of his agreement by omitting to file any contest against plaintiffs' application, but has failed to perform the illegal part of the agreement which is against public policy. The plaintiffs, therefore, have no right to a cancellation of the deed executed for the consideration of that part of the agreement as they were parties to the illegal contract. Neither law nor equity will aid a party who has knowingly entered into a contract void as against public policy by canceling an executed deed in pursuance of such contract and restoring to him the property which he has voluntarily parted with in the execution of such a contract except in certain classes of cases not necessary to be noticed in this opinion. It will be noticed that this is an executed contract so far as the plaintiffs were concerned, they having executed and delivered to the defendant Ledoux the deed to the property in controversy. Clearly, therefore, the plaintiffs have no right of action against the defendants for the cancellation of the deed in controversy because of Ledoux's failure to carry out the terms of that part of the contract which was illegal and void, there being no allegations of fraud in procuring the deed on the part of the defendant Ledoux.

The sixth objection is as follows: "This is a case, in any event, by the allegations of the pleading, of a failure of a condition subsequent existing only in parol. In such a case, the right of action is not to cancel the deed, but for damages for a breach of the agreement." It appears from the complaint that the defendant complied with that portion of the contract on his part by which he agreed not to contest plaintiff's entry, and that no contest was filed but that, subsequently to the entry, he did, in viola-

tion of his agreement, filed a protest in the Land Office against the plaintiff's entry and that such protests filed by the defendant Ledoux in behalf of himself and the defendant corporation were dismissed in the Land Office. It will be seen that the plaintiffs are not entitled to a rescission of the contract for the reason that fraud in obtaining the contract is not alleged, and that the defendants cannot be placed in the same situation that they were before the time for final entry had expired. as they could not initiate any contest after the expiration of the time limited against the plaintiff's entry. It further appears from the complaint that the agreement of the defendants was, in effect, a condition subsequent, and the violation of such an agreement does not ordinarily confer upon a party a right to a rescission of an executed contract where there has been no fraud or misrepresentations in obtaining the contract, but the party must rely upon his action to recover the consideration or damages for the breach of the agreement. The only cases, so far as our researches extend, in which it is held that an executed conveyance may be canceled for the failure to comply with the subsequent condition or agreement, and where there was no fraud or misrepresentation in procuring it, is where it is so specified in the deed. In discussing this last objection we have assumed, for the purposes of the discussion, that the agreement of the defendants not to protest the application of the plaintiffs was a valid and binding agreement, but, as before stated, that part of the agreement not performed by the defendant was clearly illegal and void, and could afford no grounds for plaintiffs' action. In our view of the case, therefore, the plaintiffs are not entitled to the relief prayed for in their complaint.

We are clearly of the opinion that the demurrers should have been sustained, and the orders overruling the same are reversed.