PATERNOSTER *v.* VAN MEAGHEN.

1. VENDOR AND PURCHASER—IMPLIED LIEN FOR UNPAID PURCHASE PRICE.

    Generally a court of equity will raise an implied lien for the unpaid purchase price in favor of a vendor of land who has conveyed his legal title.

2. SAME—IMPLIED LIEN—EQUITY.

    A vendor's implied lien for the unpaid purchase price for an interest in land will be enforced in a court of equity on the principle that a person, having gotten the estate of another, ought not in conscience, as between them, be allowed to keep it and not pay the consideration money when the rights of others are not injured and it is equitable so to do.

3. SAME—IMPLIED LIEN—FRAUD.

    In suit to cancel a recorded deed of land alleged to have been sold for cash consideration of $825 of which only $500 was paid, plaintiff was entitled to vendor's lien upon the property for the balance of the unpaid price irrespective of existence of alleged fraud upon which trial court made no finding.

Appeal from Dickinson; Bell (Frank A.), J. Submitted April 8, 1941. (Docket No. 24, Calendar No. 41,040.) Decided June 30, 1941.

Bill by Margaret Paternoster against Frank Van Meaghen and wife to have deed cancelled, for an injunction and other relief. Decree for plaintiff. Defendants appeal. Affirmed.

*James C. Perino,* for plaintiff.

*Ray Derham,* for defendants.

SHARPE, C. J. This is a suit in equity to cancel a deed. On September 15, 1939, plaintiff filed a bill of complaint in the circuit court in chancery in Dickinson county and alleged that she is a resident of the city of Norway, Dickinson county, Michigan; that prior to September, 1938, she was the owner of the property in question; that to induce plaintiff to sell said premises, defendants represented to her that they would pay $825 in cash for the premises upon the execution and recording of the deed; that plaintiff relying on the truth of said representation executed the warranty deed of the premises to de-

fendants and had it recorded; that defendants paid only $500 of the agreed cash price and have refused to pay the balance due; and that the representation to pay $825 in cash for the property was not true and was made fraudulently, knowing it to be false, for the purpose of inducing plaintiff to execute and record the deed.

Plaintiff testified that on September 23, 1938, she entered into an agreement with defendants for the sale of the property in question at an agreed cash price of $825; that on the date the agreement was made, defendants paid her the sum of $25; that on the following day the parties went to the court house to complete the transaction and have the deed recorded; that while in the court house defendants paid an additional sum of $300; that following the above payment the parties went to the office of an attorney where plaintiff was paid $175; that after she arrived home, defendants turned over to her a stock certificate of the value of $100 and promised to pay her the balance of $225 within a few days; and that several weeks after the above transactions, she gave the stock certificate to defendant Mary Van Meaghen for the purpose of having it registered in plaintiff's name, but never was able to get the stock certificate back again.

It is the claim of defendants that all money due on the transaction has been paid; that at the time the agreement to purchase the property was entered into and the deed transferred, Frank Van Meaghen paid plaintiff the sum of $725 and handed her a stock certificate of the value of $100; and that at a later time, he gave his wife, Mary Van Meaghen, $100 to redeem the stock certificate, which she did.

The trial court after hearing all the testimony rendered an opinion finding that plaintiff was entitled to the sum of $325 and entered a decree giving

plaintiff a vendor's lien upon the property for the balance of the unpaid price.

Defendants appeal and contend that plaintiff has an adequate remedy at law and is not entitled to relief in equity.

The bill of complaint alleges fraud in procuring the execution and recording of the deed, but the trial court made no finding of fraud. His opinion states, "I think it is rather apparent from all of the testimony taken together and all of the acts by all of the parties that these defendants have not paid that $325."

It is a general rule that a court of equity will raise an implied lien for the unpaid purchase price in favor of a vendor who has conveyed his legal title.

In *Lavin* v. *Lynch,* 203 Mich. 143 (2 A. L. R. 804), we said:

"That the vendor of real estate who takes no security for the payment of the purchase price has an equitable lien for such purchase money upon the lands so sold has long been the established rule. *Carroll* v. *Van Rensselaer,* Harr. Ch. (Mich.) 225; *Michigan State Bank* v. *Hastings,* 1 Doug. (Mich.) 225, 258 (41 Am. Dec. 549); *Appeal of Palmer,* 1 Doug. (Mich.) 422; *Hiscock* v. *Norton,* 42 Mich. 320; *Dunton* v. *Outhouse,* 64 Mich. 419; *Curtis* v. *Clarke,* 113 Mich. 458; *Kulling* v. *Kulling,* 124 Mich. 56; *Lyon* v. *Clark,* 132 Mich. 521; *Shaw* v. *Tabor,* 146 Mich. 544; 39 Cyc. p. 1787. In the case of *Michigan State Bank* v. *Hastings, supra,* it was said by this court:

" 'Such liens exist independently of any express agreement, and courts of equity enforce them, on the principle that a person, having gotten the estate of another, ought not in conscience, as between them, to be allowed to keep it, and not pay the consideration money.'

"And in Cyc., *supra,* it is said:

" 'A vendor's implied lien, as distinguished from a lien expressly reserved, or from the security which the vendor has while he holds the legal title under an unexecuted contract to convey, is

the equitable right, which by implication is accorded to one who has conveyed the title to land without reserving a lien thereupon, and has taken no security for the purchase money other than the personal obligation of the purchaser, to subject the land in equity to the payment of the purchase price, when the rights of others are not injured and ·it is equitable so to do. * * *

" 'The principle on which a vendor's lien is generally regarded as resting is one of natural justice, that one who gets possession of the estate of another ought not in conscience be allowed to keep it without paying the consideration, although other grounds, such as the presumed intention of the parties, or the existence of a trust between them, have been assigned.' "

In our opinion the facts in the case at bar come within the above rule and the decree of the trial court is affirmed, with costs to plaintiff.

Bushnell, Boyles, Chandler, North, Wiest, and Butzel, JJ., concurred. McAllister, J., took no part in this decision.