25 So.2d 668

## MEEKS v. MEEKS.

### 7 Div. 839.

Supreme Court of Alabama.

April 11, 1946.

607

Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

Motley & Motley, of Gadsden, for appellant.

BROWN, Justice.

This is a bill filed by the alleged grantor, W. C. Meeks, against Lois E. Meeks, a sub-grantee once removed, to establish and enforce an equitable vendor's lien on the lands described in the bill. The transaction out of which the lien is alleged to have arisen occurred on the 12th day of January, 1927, and the bill was filed March 23, 1945, several years after the death of the original grantee J. L. Meeks.

The bill alleges that on the 12th of January, 1927, the complainant made and executed a deed, to said J. L. Meeks for $20,-000 and other good and valuable consideration, which consideration has never been paid, and is still due and unpaid with interest thereon. That the land conveyed consisted of a one-sixth undivided interest in said lands. The bill further alleges:

"That the consideration for the sale and conveyance by the complainant to said J. L. Meeks was $20,000 to be paid in cash and

said J. L. Meeks was also to pay all indebtedness of the said W. C. Meeks and that consideration has never been paid, which sum with the interest thereon is still due and unpaid.

"That on the 22nd day of April 1936 the said J. L. Meeks and wife Lois Meeks and others conveyed the above described property to Joseph McGlathery on the recited consideration of ten dollars in cash and other good and valuable consideration to them in hand paid, but complainant says that in fact the said Joseph McGlathery did not pay any consideration for or as the purchase price but the same was executed without consideration.

"That on the 10th day of June 1936 the said Joseph McGlathery executed a deed to Lois E. Meeks to the above described property for the recited consideration of the sum of $10,000 in cash to him paid by the said Lois E. Meeks and complainant avers and shows unto your Honors that there was nothing paid by said Lois E. Meeks but it was a voluntary deed made without consideration to the said Lois E. Meeks by the said Joseph McGlathery.

"That there is now due your complainant for the purchase price of said above described property the sum of twenty thousand dollars with interest from the 12th day of January, 1927 less the sum of five hundred dollars paid to complainant by said J. L. Meeks up to and including the year 1937, and less five thousand dollars received by complainant in the way of conveyance to real estate, for which said J. L. Meeks was entitled to credit at the time of his death, which said deeds were executed during the years 1931 and 1932. * * *"

The defendant demurred to the bill for want of equity and on other grounds specifically stated; among others, briefly, that the bill does not allege the amount or to whom the debts were due from complainant, which said J. L. Meeks agreed to pay. That complainant is guilty of laches in seeking to enforce his alleged lien or claim. That it does not appear from the allegations of the bill that J. L. Meeks made said $500 payment as a payment on the indebtedness due for the purchase money of said land. That it does not appear from the allegations of the bill when said $500 payment was made to the complainant by said J. L. Meeks. "What is meant by complainant in the expression contained in paragraph 7 thereof, 'including the year of 1937' is not clearly stated or set out therein." The demurrer was sustained, hence this appeal.

There has been much discussion and confusion in the cases as to the origin of the principle giving a vendor, who has conveyed the legal title of real estate a lien for the purchase money. It is not a rule of the common law but it appears that it is an equitable doctrine taken from the rules of the civil law as applied to real property, and exists independent of any express agreement at the time of the conveyance or intention on the part of the grantors at such time to claim such lien, unless the circumstances attending the transaction show an intention to waive or not rely upon such security. It seems to be well settled that where the vendor parts with his estate—the title to the property—and the consideration or purchase money therefor is not presently paid, a court of equity will raise and establish a lien for the security of such purchase money, unless it clearly appears from the circumstances attending the transaction that the vendor intended not to rely on or waive such a lien. Spangler v. Barber et al., 245 Ala. 386, 17 So.2d 232; Lindsey v. Thornton, 234 Ala. 109, 173 So. 500; 27 R.C.L. p. 568, § 310; p. 571, § 313. And as between the parties to the transaction, the burden is upon the vendee to show waiver, which must arise out of the facts and circumstances attending the sale and conveyance. This is said to be "a highly equitable doctrine and admittedly consistent with the most perfect notion of moral justice," which strongly appeals to the consideration of a court of equity. 27 R.C.L. p. 572, § 314.

"In jurisdictions which recognize its application, the vendor's lien is implied where there is a sale of realty and no security is given for the purchase money which is unpaid, as where unsecured notes are given for the purchase money, unless the terms of the contract of sale or the attendant circumstances show that it was purposely excluded. It does not grow out of an agreement between the parties other than, of course, the contract to pay the purchase money, nor is it dependent on an intention at the time of conveyance to claim it, but it is presumed to exist unless a contrary intention is shown." 66 C.J. p. 1219, § 1081.

"The vendor's implied lien arises out of the contract to pay the purchase money, and so it is essential that there be a sale of realty, which is actual and bona fide, and a debt for the purchase money due the vendor,

or his assigns, payable as purchase money, for which, it has been held, the purchaser is or was unconditionally liable as primary debtor. * * *" 66 C.J. p. 1220, § 1082.

"Conveyance of the legal title to the purchaser is held to be essential to the existence of the vendor's implied lien, but the transfer of a perfect legal title is not in all cases necessary. * * *." 66 C.J. p. 1221, § 1083.

"When the consideration for the conveyance of realty is a payment by the purchaser of a debt due a third person by the vendor, a lien exists on such realty for the benefit of such third person, and so, where the purchase price or the note or other obligation evidencing it is, by the direction of the vendor, made payable to a third person, a lien attaches for the latter's benefit, * * *." 66 C.J. p. 1227, § 1095, and Alabama cases cited in Note 39.

■ Ordinarily a transaction in which a sale of property is made for cash a debt does not result or arise. Cook v. Malone, 128 Ala. 662, 664, 29 So. 653; Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am.St.Rep. 33. With a single exception, we have found no case involving the enforcement of an implied vendor's lien, where it was contemplated that the purchase money should be paid in cash. In Madden v. Barnes, 45 Wis. 135, 30 Am. Rep. 703, a check was given for the amount to be paid in cash by the purchaser, where the purchase money was payable in cash and securities, but before the check was presented, he withdrew all of his funds from the bank. The right to enforce an implied lien was rested upon fraud.

■ The fact that the sale was for cash, however, merely imposed on the complainant the burden of pleading and proving that the grantee breached his contract to pay cash, leaving a debt for the purchase money due and unpaid. Cook v. Malone, supra. The complainant's right to enforce the lien is not otherwise affected.

■ In view of the death of the vendee long before the bill was filed, leaving peculiarly within the possession of the complainant knowledge of the attending facts and circumstances relied upon by the complainant to establish his equitable rights; his long delay in seeking to enforce his alleged lien; that a part of the consideration for the conveyance was the payment of debts of the complainant by the vendee—the bill is defective, and subject to some of the grounds of demurrer for failing to show the amount of the indebtedness assumed to be paid by the vendee, to whom payable, and that said vendee did not pay said assumed debts.

■ The bill is also defective in not alleging that the deed was duly executed and delivered to the vendee without other security than the vendor's lien. 66 C.J. p. 1219, § 1081, supra; Spangler v. Barber et al., supra. Long delay in the enforcement of such lien raises a presumption of waiver, and this presumption must be negatived by the allegation of facts excusing the delay. 27 R.C.L. p. 575, § 317; Conover v. Warren, 1 Gilman, Ill., 498, 41 Am.Dec. 196. Where an essential element of the cause of action or equitable right rest upon a negative fact, the moving party has the burden of alleging the negative and proving the same. Rogers v. Brooks, 105 Ala. 549, 17 So. 97; New York Life Ins. Co. v. Beason, 229 Ala. 140, 155 So. 530.

■ The bill is also defective in not alleging when and in what amount the payment of $500 was made, that it was made to the vendee on the purchase money for said lands.

The appellee insists that laches appears on the face of the bill, that complainant's action to enforce the lien is barred by provisions of Chapter 2, Title 7, Code 1940, specifically §§ 18 and 31, which provide that the article of which they are a part, "shall apply to and govern both courts of law and courts of equity, whether the claim asserted be legal or equitable debts or obligations." Said Section 31 originated in the Acts of 1915, p. 547, and was brought forward through the Code of 1923, in the article dealing generally with the limitation of actions. The exigencies of the present appeal do not require a treatment of this question.

Affirmed.

GARDNER, C. J., and FOSTER, LIVINGSTON, LAWSON, SIMPSON, and STAKELY, JJ., are of opinion, under the facts alleged, that the burden is not on the complainant to negative other security, and that long delay does not raise a presumption of waiver of the lien. Otherwise, they concur in the opinion, and in the affirmance.