23 Mich. App. 609 (1970)
179 N.W.2d 197
SOKOLOWSKI
v.
PEOPLES SAVINGS & LOAN ASSOCIATION OF BATTLE CREEK
Docket No. 7,534.
Michigan Court of Appeals.
Decided May 1, 1970.
Rehearing denied June 2, 1970.
*611 John M. Jereck, for plaintiffs.
Allen, Worth & Calderone, for defendant People's Savings & Loan Association.
Before: HOLBROOK, P.J., and BRONSON and E.W. BROWN,[*] JJ.
PER CURIAM.
This is an action, in equity, to determine the respective property interests of the plaintiffs, Tony P. Sokolowski and Juliana Sokolowski, who contracted to have a house built, defendant Norman Stroebel, builder, and defendant Peoples Savings & Loan, who financed the project. Plaintiffs and defendant Stroebel entered into an agreement for the construction of a house on plaintiffs' lot. Stroebel, lacking capital, applied to Peoples for a loan. It was agreed that a loan of $23,550 would be approved if Stroebel could get plaintiffs to deed their lot to Peoples as security for advancements to Stroebel. Thereafter, plaintiffs executed a warranty deed to Peoples, who recorded it on March 17, 1965. Plaintiffs and Stroebel agreed that the house when completed would have a value of $31,360, including the lot valued at $6,500, and that the cost of construction would be $24,860. Upon completion, the lot was to be reconveyed to plaintiffs by Stroebel. The building was to conform to set plans and specifications and a copy of these requirements was sent to Peoples. Stroebel started construction and Peoples advanced the building costs. There was a deviation both in materials and workmanship by Stroebel. After Peoples had advanced the full $23,550 and Stroebel had defaulted, the Stroebel-Peoples contract was rescinded. The record indicates that plaintiffs' first direct oral complaint to Peoples concerning the *612 poor workmanship was during July, 1965. Copies of complaint letters addressed to Stroebel were forwarded to Peoples during the last stages of construction. On August 1, 1965, plaintiffs moved into the almost completed house. Plaintiffs commenced this action seeking a determination that the deed to Peoples was null and void on the grounds of nondelivery and failure of consideration, and a money judgment in the amount of $20,000 based upon the failure of Peoples to require conformity with the plans and specifications, to enforce satisfactory workmanship by Stroebel and to complete the construction of the residence.
The trial court held there was a valid title transfer to Peoples and through construction of the two contracts, determined that Peoples did not owe plaintiff a duty to supervise. Judgment was for defendants subject to a vendor's lien in favor of plaintiffs for the $6,500 lot value. Plaintiffs were granted a judgment for $7,000 against defendant Stroebel, a bankrupt. The court denied plaintiffs' petition for a new trial based upon an affidavit of a witness who allegedly notified an officer of Peoples that the materials and workmanship were inadequate and that the job was underbid. The court held this information was cumulative and would not change either of his findings or the judgment. Plaintiffs appeal and defendant Peoples cross-appeals.
This Court is to determine whether there was a valid transfer of legal title and ownership from plaintiffs to Peoples, whether Peoples owed plaintiffs a duty to supervise the construction, and whether the denial of plaintiffs' petition for a new trial was justified.
On the surface, the two contracts expressed a very workable plan. If it were properly carried out, all parties would be satisfied. Unfortunately, Stroebel *613 did not comply with the plans and specifications and became a bankrupt. Because of this, plaintiffs are unable to successfully collect from Stroebel for negligent construction or for their deed which he does not have. Peoples cannot recover their cash advancements for the same reason. As the trial court stated, "This law suit, in essence, is a contest as to where a loss should fall between two relatively innocent parties".
It is the historic function of equity to give such relief as justice and good conscience require. It is the province of equity to afford full relief and to protect all rights. Barnard v. Huff (1930), 252 Mich 258, 264; Ehinger v. Fiske (1933), 261 Mich 240, 245. Equity molds its relief according to the character of each case. Seifert v. Keating (1955), 344 Mich 456; Farrell v. Nutter (1961), 362 Mich 639.
At the request of Stroebel, plaintiffs deeded their property to Peoples in the form of a warranty deed with no restrictions. Plaintiffs had no contract with Peoples. It is clear that the entire transaction was a security transaction and was understood to be such by all concerned. There was no agreement between plaintiffs and Peoples concerning redelivery of the deed. Any return was to be made by Stroebel under a separate contract. The trial court correctly found that a valid delivery of the deed from plaintiffs through Stroebel to Peoples had been effected, and was subject only to the written agreement between Peoples and Stroebel, and the equitable interests of the plaintiffs.
At this point, plaintiffs have unintentionally lost their lot valued at $6,500 and Peoples, although they have plaintiffs' deed, still stand to lose most of the $23,550 advanced to Stroebel. It is evident, in this case, that the trial court fully recognized the equities *614 involved, the possible losses and the requirements of justice.
The court, in an honest effort to return the parties, as nearly as possible, to status quo, impressed a vendor's lien in favor of plaintiffs on the basis of Lavin v. Lynch (1918), 203 Mich 143, and Paternoster v. Van Meaghen (1941), 298 Mich 274.[1]
It is clear from the record that plaintiffs contracted with Stroebel to build them a house; how it was built was controlled by their contract. Peoples, in a contract distinct and for a different purpose, agreed to advance construction costs to Stroebel. Under these circumstances, the court properly held there was no duty to plaintiffs, implied or otherwise, intended or arising from the contracts as written to supervise the building of the house. Peoples only interest was to advance the funds and protect their investment. Stroebel's negligence cannot be imputed to Peoples.
All parties agree that Stroebel violated the provisions in the plans and specifications. An affidavit from a witness to this effect in plaintiffs' motion for a new trial does not change this fact. Peoples had no contractual duty to supervise construction for the benefit of plaintiffs. For this reason the affidavit is, as the court held, cumulative and insufficient to alter or change the court's decision. No abuse of discretion was committed by the court in denying plaintiffs' motion.
The court's finding that Peoples should convey the property to plaintiffs subject to a lien for the full amount of money invested, or as an alternative, Peoples should pay plaintiffs for the lot and if *615 neither disposition is feasible to sell both house and lot at public sale with a split of the proceeds is in harmony with the principles of equity and the proofs presented.
From an examination of this record, we are persuaded that the decision rendered is in accordance with the just rights of the parties. We are not convinced that this court would have ruled differently, Wells v. Wells (1951), 330 Mich 448; Ethridge v. Ethridge (1948), 322 Mich 578; or that the findings made are clearly erroneous; GCR 1963, 517.1; Tann v. Allied Van Lines, Inc. (1966), 5 Mich App 309; State Bank of Sandusky v. Boddy (1969), 17 Mich App 466.
Affirmed. No costs, neither party prevailing on appeal.
NOTES
[*] Circuit Judge, sitting on the Court of Appeals by assignment.
[1] "That the vendor of real estate who takes no security for the payment of the purchase price has an equitable lien for such purchase money upon the lands so sold has long been the established rule."