Chester N. WEAVER, Plaintiff
and Appellant,

v.

L. C. BLAKE, Administrator of the Estate
of Frank Norman Weaver, a/k/a Frank
N. Weaver, a/k/a Frank Weaver, De-
ceased, Defendant and Appellee,

and

Winner Production Credit Association,
Defendant.

No. 12972.

Supreme Court of South Dakota.

Argued Oct. 23, 1980.

Decided Dec. 23, 1980.

Rehearing Denied Jan. 30, 1981.

 

Wally Eklund of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellant.

Jack Gunvordahl, Gunvordahl & Gunvordahl, Burke, for defendant and appellee.

FOSHEIM, Justice.

This is an appeal from the entry of summary judgment in favor of the defendant administrator (appellee) in this action in equity. We reverse and remand.

In 1973, Chester N. Weaver (appellant) and his wife, June Weaver, co-signed a promissory note to help their son, Frank Weaver, obtain a loan from the Production Credit Association (PCA). PCA commenced proceedings against Frank Weaver and also against appellant and his wife to recover on the loan. As a result of this action, Chester and June Weaver faced potential personal liability.

On March 18, 1976, Chester Weaver executed a warranty deed conveying ten acres of land on the west edge of Winner, in Tripp County, to Frank Weaver. There is a conflict in the evidence with regard to Chester Weaver's motive for this conveyance. Appellant contends that Frank Weaver wanted to purchase land from him for use in his trucking business and that the deed was left with James Mateicka, a real estate agent and money–finder, who was to hold the deed until financing was obtained so that the indebtedness of Frank to the PCA and the $50,000 purchase price to Chester Weaver could all be paid. The purpose of the deed, it is claimed, was to provide security for Frank Weaver to obtain that money. The deed was recorded on April 20, 1976. It appears that no funds were obtained to finance any part of the purchase price, and no money was ever paid to Chester Weaver. The indebtedness of Frank Weaver to the PCA was likewise not extinguished.

Appellee's position is that the only consideration contemplated by Chester Weaver in signing the deed was to remove him as a co–signor on the PCA note.

On April 13, 1978, Frank Weaver was killed in an automobile accident. This action was commenced seeking cancellation of the deed and other equitable relief. The trial court concluded that since the warranty deed from Chester Weaver to his son Frank was voluntarily delivered to James Mateicka, his son's agent, the father was barred from either attacking its validity or claiming any equitable interest in the conveyed land. The decision of the trial court was grounded on the provisions of SDCL 43–25–3 [1] that every grant of an estate in real property is conclusive against the grantor, and SDCL 43–25–10,[2] whereby the

---

1. SDCL 43–25–3 provides:

    Every grant of an estate in real property is conclusive against the grantor and everyone subsequently claiming under him, except a purchaser or encumbrancer who, in good faith, and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded.

2. SDCL 43–25–10 states:

    From the use of the word "grant" in any conveyance by which an estate of inheritance or free simple is to be passed, the following

covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs and assigns, are implied unless restrained by express terms contained in such conveyance:

(1) That previous to the time of the execution of such conveyance, the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee;

(2) That such estate is, at the time of the execution of such conveyance, free from en-

word "grant" in a conveyance implies that the estate conveyed is free from encumbrances done, made or suffered by the grantor.

On appeal, we are asked to review: (1) whether a grantor of real property by warranty deed is barred from attacking the conveyance prior to receiving payment; and (2) whether, prior to receiving payment, a grantor of real property who conveys title by warranty deed is barred from asserting a vendor's lien against the premises conveyed to secure payment of the unpaid purchase price.

■ In reviewing a motion for summary judgment, we are reminded that the burden is upon the movant to show clearly that there is no genuine issue of material fact, and the evidence must be viewed in the light most favorable to the nonmoving party. *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968). The parties concede that the property is impressed with the PCA mortgage lien. It is also undisputed that Chester Weaver voluntarily signed the warranty deed on March 18, 1976, and placed it beyond his dominion and control by leaving it with an escrow agent, James Mateicka, knowing that he had conveyed by warranty deed the property therein described and that the conveyance would be used to obtain financing by his son.

■ Generally, if a deed was valid when executed, it is not invalidated by any subsequent act or omission of the grantee, such as nonpayment of the price or an unperformed promise to do something in the future. *Roy v. Peak Tin Mining, Milling & Manufacturing Co.*, 21 S.D. 140, 110 N.W. 106 (1906); 23 Am.Jur.2d Deeds § 143 (1965). As to the first issue therefore, it appears as a matter of law that appellant is

precluded from attacking the conveyance itself. *Jorgensen v. Jorgensen*, 74 S.D. 239, 51 N.W.2d 632 (1952).

Turning to the second issue, we find that SDCL 44–6–1 grants a vendor's lien to the seller of real property for so much of the purchase price as remains unpaid and is otherwise unsecured.[3] Under SDCL 44–6–3, a vendor's lien is superior to any other lien except that of a purchaser or encumbrancer who takes without notice, in good faith, and for value.[4]

■ A vendor's lien is the equitable right which the seller impliedly retains to subject the land conveyed as security for payment of the purchase money. *Hickman v. Long*, 34 S.D. 639, 150 N.W. 298 (1914); *LaHue v. Dougherty*, 34 Cal.2d 1, 206 P.2d 640 (1949); *Oliver v. Mercaldi*, 103 So.2d 665 (Fla.App.1958); *Union State Bank v. Williams*, 169 Ind.App. 345, 348 N.E.2d 683 (1976); *Old First Nat. Bank and Trust Co. v. Scheuman*, 214 Ind. 652, 13 N.E.2d 551 (1938); *Whelan v. Midland Mortgage Co.*, 591 P.2d 287 (Okl.1979). The lien is not the result of any agreement between the vendor and the vendee, or of any intention on the part of the grantor to claim it at the time of conveyance. *Slide & Spur Gold Mines, Ltd. v. Seymour*, 153 U.S. 509, 14 S.Ct. 842, 38 L.Ed. 802 (1894); *Fisher v. Shropshire*, 147 U.S. 133, 13 S.Ct. 201, 37 L.Ed. 109 (1893). Such a lien exists unless it clearly appears from the circumstances attending the transaction that the vendor intended to waive or not to rely upon his equitable rights. *Meeks v. Meeks*, 247 Ala. 606, 25 So.2d 668 (1946); *Old First Nat. Bank and Trust Co. v. Scheuman*, supra; *Whelan v. Midland Mortgage Co.*, supra. The real basis for the existence of a vendor's lien seems to be the broad equitable

---

cumbrances done, made, or suffered by the grantor, or any person claiming under him. Such covenants may be sued upon in the same manner as if they had been expressly inserted in the conveyance.

**3.** SDCL 44–6–1 provides:

One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains un-

paid and unsecured otherwise than by the personal obligation of the buyer.

**4.** SDCL 44–6–3 provides:

The liens described by §§ 44–6–1 and 44–6–2 are valid against everyone claiming under the debtor, except a purchaser or encumbrancer without notice, in good faith, and for value.

principle that a person having obtained the estate of another ought not, in good conscience as between themselves, be allowed to keep it and not pay the purchase price. *Slide & Spur Gold Mines, Ltd. v. Seymour,* supra; *Fisher v. Shropshire,* supra; *Chilton v. Braiden's Administratrix,* 67 (2 Black) U.S. 458, 17 L.Ed. 304 (1863); *Old First Nat. Bank and Trust Co. v. Scheuman,* supra; *Lavin v. Lynch,* 203 Mich. 143, 168 N.W. 1024 (1918).

■ A vendor's lien and the right to its enforcement are purely statutory in South Dakota. SDCL 44–6–1; *Sorum v. Sorenson,* 45 S.D. 313, 187 N.W. 423 (1922). It is in the nature of an equitable mortgage. *Lavin v. Lynch,* supra. It thus accomplishes by operation of law between the buyer and seller substantially what the seller of real property acquires by contract when, upon deeding property, he takes back a mortgage on the premises for the unpaid purchase price. The mortgagor, and not the grantor, is then the encumbrancer. In similar fashion, the grantee purchaser is the encumbrancer of a vendor's lien for so much of the purchase price as remains unpaid. Payment is the final interest of the seller. *Renner v. Crisman,* 80 S.D. 532, 127 N.W.2d 717 (1964). This removes the transaction from the proviso in SDCL 43–25–10 that the word "grant" in any conveyance covenants that the estate conveyed is free from encumbrances, done, made, or suffered by the *grantor.* The grantor in a warranty deed does not covenant that the grantee will enjoy ownership and possession of the premises free from encumbrances that the grantee himself impresses upon the property.

■ Accordingly, if the trial court believed appellant's version of the transaction, the land would be impressed with an implied lien to the extent of the unpaid balance of the alleged purchase price subject to the PCA mortgage. *Paternoster v. Van Meaghen,* 298 Mich. 274, 299 N.W. 80 (1941). Even if the trial court ultimately were to find that the actual consideration for the father's deed was a combination of appellant's and appellees' contentions, a vendor's lien could still exist for the money portion of the consideration remaining unpaid.

It follows that a genuine issue of material fact existed as to whether appellant Chester Weaver has a vendor's lien upon the land conveyed. The order granting summary judgment is therefore reversed and the case is remanded accordingly.

All the Justices concur.