WILLIAM H. WOOD *vs.* MARIA C. RUSHER.

January 18, 1890.

Quitclaim Deed—Effect as Releasing Contract and Cause of Action on it.—In a quitclaim deed was this clause: "This quitclaim deed is given to clear a certain contract of record, dated January 22, 1887, filed Jan. 31, 1887, at 1 o'clock P. M., in Book H of Bonds, etc., on page 303, etc., in the office of the register of deeds," etc. *Held* a release of the contract referred to, it being a contract to convey real estate; also that it was a release of existing causes of action upon it, both for specific performance and for damages for its breach.

This action having been brought on for trial in the district court for Hennepin county, before *Lochren,* J., a motion by defendant for judgment in his favor on the pleadings was granted. Plaintiff appeals from the judgment.

*J. K. Doolittle,* for appellant.

*Hiram C. Truesdale,* for respondent.

GILFILLAN, C. J. According to the admissions in the pleadings, the defendant executed to plaintiff a contract, duly recorded, to convey certain real estate; and the plaintiff having performed or offered to perform on his part, and demanded performance by defendant, she refused to perform. After such breach the plaintiff and wife executed to defendant a quitclaim deed of the real estate in the usual form, but containing this clause: "This quitclaim deed is given to clear a certain contract of record, dated January 22, 1887, filed Jan. 31, 1887, at 1 o'clock P. M., in Book H of Bonds, etc., on page 303, etc., in the office of the register of deeds in Washington county, given by Maria C. Rusher to Wm. H. Wood on the above described property."

The action is for damages for breach of the contract. The defendant claims that the quitclaim deed was a release of the contract to convey, and of all rights or claims dependent on it; the plaintiff, that it was intended only to clear the record of the contract, or, if it was anything more, it was a release merely of the right of action to enforce specific performance. How, when an instrument vesting in one an interest, legal or equitable, in real estate, has been duly recorded, the parties can clear the record, except by reconveyance or release also recorded, we do not know. The recorded reconveyance or release operates to clear the record, by showing that the title is restored to the condition it was in before the execution of the instrument with respect to which the parties desire to have the record cleared. It is impossible to suppose that these parties thought to clear the record of the contract to convey by an instrument which should leave the rights of the parties under that contract unaffected. The quitclaim deed was intended to operate on the contract. There can be but one construction given the language quoted, and that is that they intended it to operate on the contract by releasing it. Upon a breach by defendant of the contract, there vested in plaintiff the right to one of two remedies, viz., an action for damages, or an action to enforce specific performance. There can be no question in such a case of a party's power to waive or release his right to either of these remedies, and to reserve his right to pursue the other. But a general unqualified release of the contract would not have that effect. Such release would extinguish all rights dependent on it, not merely the right to its performance, but the right to a remedy for its non-performance. Such was the release in this case.

Judgment affirmed.