Kirk W. PREHEIM and Anita J. Preheim, Plaintiffs and Appellants,

v.

Arlan W. ORTMAN and Marlo W. Ortman, Defendants and Appellees.

No. 13848.

Supreme Court of South Dakota.

Argued Jan. 19, 1983.

Decided March 9, 1983.

Donna K. Dietrich of Blackburn & Stevens, Yankton, for plaintiffs and appellants; John P. Blackburn of Blackburn & Stevens, Yankton, on brief.

David V. Vrooman, Sioux Falls, for defendants and appellees.

HENDERSON, Justice.

ACTION

Appellants, vendors, brought an action for damages in the amount of $115,108.75 based upon breach of contract. A complaint was filed on August 28, 1981. Appellees, vendees, answered and set up affirmative defenses on December 11, 1981. Affidavits were filed, discovery was conducted and on January 6, 1982, appellees moved for summary judgment. A hearing was conducted on March 22, 1982. On April 12, 1982, the trial court issued a memorandum

opinion granting summary judgment. Summary judgment was then entered and appellants appeal therefrom. We affirm.

## FACTS

Appellees signed a purchase agreement to buy appellants' farm in Turner County, South Dakota, for $240,000.00. A condition precedent of the agreement was that appellees would need to obtain a mortgage loan to make the purchase. Appellants' real estate agent recorded the agreement in Turner County. Appellees were unsuccessful in their attempts to acquire a loan and they informed appellants' real estate agent to secure a new buyer. Appellees' attorney contacted appellants' attorney, Gary L. Richter, advising that, by the terms of the agreement, appellees would not purchase the property as they were unable to obtain a mortgage. Appellants' attorney responded that if appellees breached their contract, he would seek on behalf of his clients specific performance and/or damages, and his clients would obtain a new buyer.

Appellants' attorney, Mr. Richter, also represented the bank which held the mortgage on appellants' farm. The bank, through Mr. Richter, unsuccessfully attempted to foreclose on appellants' farm. Appellants located a purchaser willing to pay $200,000.00 for the farm. The purchaser's lender would not approve the transaction until appellees' recorded purchase agreement was cleared from the real estate title. Negotiations ensued between counsel for appellants and appellees resulting in the issuance of a quitclaim deed from appellees to the purchaser and the sale of the farm. Appellants' attorney, Mr. Richter, contends that he was representing the bank and not appellants in the quitclaim transaction. We disagree. From our reading of the settled record, we are firmly convinced that Mr. Richter was appearing throughout this action in a dual capacity.

The rationale of the trial court in granting the summary judgment was as follows:

It is the court's opinion that the plaintiffs, by demanding a quit claim deed and by conveying the property to a third party, elected to terminate the contract or, alternately, allows the defendants to rescind the contract and treat it as abandoned.

## ISSUE

WAS SUMMARY JUDGMENT PROPERLY GRANTED BASED UPON THE VENDORS' REQUEST AND RECEIPT OF A QUITCLAIM DEED FROM THE VENDEES, THUS RELEASING AND TERMINATING THE RECORDED REAL ESTATE CONTRACT? YES, AND ON THE FACTS OF THIS CASE, WE HOLD THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT AS A MATTER OF LAW.

## DECISION

Our standard of review for summary judgment is drawn from *Wilson v. Great N. Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968) and SDCL 15–6–56(c). *Ruple v. Weinaug,* 328 N.W.2d 857 (S.D.1983).

Few jurisdictions have ruled on the effect of a purchaser's conveyance of a quitclaim deed to clear a recorded real estate purchase agreement. An old Minnesota case, *Wood v. Rusher,* 42 Minn. 389, 44 N.W. 127 (1890), is on point. In *Wood,* 44 N.W. 127, the Minnesota Supreme Court held that the delivery of a quitclaim deed by the purchaser at the vendor's behest acted to release the recorded real estate contract and all causes of action upon it including those for specific performance and damages for breach.

*Wood,* 44 N.W. 127, can be read consistently with several holdings on abandonment and rescission. When a real estate contract is abandoned without a writing, there must be conduct that is unequivocal and inconsistent with the continuance of the original contract. *Ford v. Hofer,* 79 S.D. 257, 111 N.W.2d 214 (1961); *Gaido v. Tysdal,* 68 Wyo. 490, 235 P.2d 741 (1951). Mutual rescission of a real estate contract does not require a formal agreement but may result from any actions of the parties clearly indicating their mutual under-

standing that the contract is terminated. *Fulton v. Chase,* 240 Iowa 771, 37 N.W.2d 920 (1949). Mutual assent to abandon or rescind a real estate contract can sometimes be evidenced by failure of both parties to take action towards enforcement or performance of the contract. *Wallace v. Johnson,* 217 Ark. 878, 234 S.W.2d 49 (1950).

■ As for the effect of a mutual rescission, the delivery of a quitclaim deed by the purchaser waives any claims he may have. *Horton v. Johnston,* 108 Cal.App.2d 274, 238 P.2d 626 (1951). Likewise, after a rescission, the vendor cannot have an action for breach of contract under the contract. *Reed v. McLaws,* 56 Ariz. 556, 110 P.2d 222 (1941). *But see, Tuso v. Green,* 194 Cal. 574, 229 P. 327 (1924). As a general rule, when a real estate contract is mutually rescinded, the rights of all parties under the contract are extinguished. 91 C.J.S. *Vendor & Purchaser* § 125 (1955).

■ It is undisputed that appellants' attorney asked for and received a quitclaim deed from appellees in favor of appellants' purchaser. Demanding a quitclaim deed was unequivocal conduct inconsistent with the continuance of the recorded real estate purchase agreement. The quitclaim transaction served to terminate and release the recorded real estate purchase agreement. Therefore, the asking for and delivery of the quitclaim deed was tantamount to a mutual rescission and the parties' rights thereunder were extinguished. Thus, summary judgment was properly granted by the trial court as a matter of law.

Affirmed.

All the Justices concur.