MORRELL EMPLOYEES FEDERAL
CREDIT UNION, Plaintiff
and Appellee,

v.

Jon William MEHLHAFF, Defendant
and Appellant.

No. 14880.

Supreme Court of South Dakota.

Argued Sept. 11, 1985.

Decided Nov. 6, 1985.

James R. Myers of Simons, Gibbs, Feyder & Myers, Sioux Falls, for plaintiff and appellee.

John L. Wilds, Sioux Falls, for defendant and appellant; Todd C. Miller, Sioux Falls, on brief.

HENDERSON, Justice.

## ACTION

This is an appeal from an order granting Morrell Employees Federal Credit Union (Morrell), plaintiff-appellee herein, summary judgment against Jon Mehlhaff (Mehlhaff), defendant-appellant herein, in a breach of contract action. Both parties moved the trial court for summary judgment. We reverse with instructions to enter summary judgment for Mehlhaff.

## FACTS

On October 25, 1980, Mehlhaff purchased real estate located in Minnehaha County by contract for deed from Mr. and Mrs. David Barton. On April 14, 1983, the Bartons assigned their interest in the contract for deed to Morrell. In the Summer of 1983, Mehlhaff defaulted in his payments to Morrell and in August of that year, Mehlhaff moved off the property.

By a letter dated November 14, 1983, counsel for Morrell requested Mehlhaff to execute a quitclaim deed to the subject property so as to avoid foreclosing on the contract for deed. This letter further stated: "The Credit Union will then be in a position to sell the home and you will be liable for any deficiency which remains if the sale does not bring the full amount due on your contract, together with the expenses of maintenance and sale." Mehlhaff, however, never received such a letter in the mail or at least maintains that he did not.

On December 1, 1983, Mehlhaff met with Morrell's counsel at the latter's office. This conference is the pivotal factual scenario. At this time, Mehlhaff read the above letter. Mehlhaff, however, adamantly stated that he was not going to spend another dime on the property. Mehlhaff did not agree to be liable for any deficiency if he signed the quitclaim deed and counsel for Morrell did not insert a clause to the contrary, or language similar to that found in the above-quoted letter, in the quitclaim deed. Counsel for Morrell insisted that Mehlhaff sign the deed and eventually

Mehlhaff signed a quitclaim deed conveying the property to Morrell. This quitclaim deed provided in relevant part: "Transfer to extinguish interest acquired by reason of [Barton-Mehlhaff] Contract for Deed...."

Morrell listed the property for sale and on June 13, 1984, Morrell sold the property at auction for a high bid of $11,100.00. On July 12, 1984, Morrell commenced this action to recover the balance remaining due on Mehlhaff's obligation under the contract for deed. As relevant herein, both parties thereafter moved for summary judgment and based on the depositions, affidavits, records, and pleadings, the trial court granted Morrell summary judgment. The trial court's rationale for awarding summary judgment was: (1) The quitclaim deed was a way of avoiding foreclosure and was not meant to rescind the contract for deed; (2) there was not a mutual agreement that the quitclaim deed was to extinguish Mehlhaff's obligations; and (3) the record supports the conclusion that Mehlhaff delivered the quitclaim deed knowing he would remain liable for any deficiency existing after the sale of the real estate. From the order granting summary judgment, Mehlhaff now appeals.

On appeal, Mehlhaff raises three separate issues, but to the extent we deem the resolution of the issue addressed to be determinative of the outcome of this case, we will not confront the other two issues presented.

## ISSUE

WAS THE ORDER AWARDING SUMMARY JUDGMENT PROPERLY GRANTED? WE HOLD THAT IT WAS NOT.

## DECISION

Summary judgment is properly awarded if there is no germane issue of material fact and the moving party is entitled to judgment as a matter of law. SDCL 15–6–56(c). Inasmuch as both Morrell and Mehlhaff moved for summary judgment below, they concede that there is no question of fact.

In *Preheim v. Ortman*, 331 N.W.2d 62 (S.D.1983), this Court upheld a summary judgment awarded a vendee based upon the vendors' request and receipt of a quitclaim deed which released and terminated a recorded real estate contract. In so affirming, we held that under the facts and circumstances of that case, the vendors' demand of

a quitclaim deed was unequivocal conduct inconsistent with the continuance of the recorded real estate purchase agreement. The quitclaim transaction served to terminate and release the recorded real estate purchase agreement. Therefore, the asking for and delivery of the quitclaim deed was tantamount to a mutual rescission and the parties' rights thereunder were extinguished.

*Preheim*, 331 N.W.2d at 64. Among the authorities cited in *Preheim* was *Wood v. Rusher*, 42 Minn. 389, 44 N.W. 127 (1890). In *Wood*, the Supreme Court of Minnesota held that the vendee's delivery of a quitclaim deed at the vendor's request acted to release the recorded real estate contract and all causes of action upon it including the right to a remedy for its nonperformance. In *Wood*, 44 N.W. at 127, the quitclaim deed stated, inter alia: "This quitclaim deed is given to clear a certain contract of record dated January 22nd, 1887, filed Jan. 31, 1887...."

In the case now at bar, Morrell demanded that Mehlhaff execute a quitclaim deed which Morrell had prepared. Prior to execution, however, Mehlhaff inflexibly expressed that he was not going to spend another dime on the property. He did not agree to be liable for any deficiency remaining on the contract for deed. When confronted with Mehlhaff's stated position, counsel for Morrell did not reconstruct the quitclaim deed and did not insert a clause which held Mehlhaff liable for any deficiency. No other indicia of indebtedness was prepared and signed. On the contrary, the quitclaim deed specifically provided that it was to extinguish the interest acquired by the contract for deed. Knowing Mehl-

haff's hardened position about not paying any more money on the property, Morrell should not have persisted in obtaining the quitclaim deed; rather, Morrell should have forsaken the obtaining of the quitclaim deed and proceeded with a different remedy of law. Under these facts and circumstances, we hold, as we held under the facts and circumstances present in *Preheim*, that Morrell's continued and unchanged demand for a quitclaim deed was unequivocal conduct inconsistent with the continuance of the contract for deed. The quitclaim transaction expressly extinguished the interests acquired and served to terminate and release the contract for deed. Thus, Morrell's demand for and receipt of the quitclaim deed was tantamount to a mutual rescission and Morrell's and Mehlhaff's rights under the contract for deed were extinguished. Thus, summary judgment for Morrell was improperly granted as a matter of law. We reverse with instructions to enter summary judgment for Mehlhaff.

Reversed.

All the Justices concur.

WUEST and HERTZ, Circuit Judges, Acting as Supreme Court Justices, participating.