#23926-a-PER CURIAM

**2006 SD 88**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| GARY JOHNSON d/b/a | |
| JOHNSON ELECTRIC COMPANY, | Plaintiff and Appellee, |
|     v. | |
| CHARLES E. LIGHT, JR., a/k/a | |
| CHUCK LIGHT, | Defendant and Appellant, |
|     and | |
| FULLERTON LUMBER COMPANY | |
| d/b/a FULLERTON BUILDING CENTER, | Defendant and Appellee, |
|     and | |
| YANKTON COUNTY, | Defendant. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE ARTHUR L. RUSCH
Judge

\* \* \* \*

| | |
|---|---|
| DAVID M. HOSMER | Attorney for plaintiff |
| Yankton, South Dakota | and appellee Gary Johnson. |
| | |
| CHARLES E. LIGHT, JR. | |
| Bartow, Florida | Pro Se appellant. |
| | |
| WILLIAM J. KLIMISCH of | Attorneys for defendant |
| Goetz and Klimisch | and appellee |
| Yankton, South Dakota | Fullerton Lumber Company. |

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 28, 2006

OPINION FILED **10/04/06**

PER CURIAM

[¶1.]        Charles E. Light Jr. (Light) appeals a circuit court judgment in a foreclosure action. Light claimed he had a vendor's lien on the property that had priority over two mechanic's liens. The court determined that Light's vendor's lien on the property was extinguished when Light accepted a quitclaim deed to the property prior to the foreclosure. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

[¶2.]        On April 24, 2000, Connie Schenkel (Schenkel) purchased real property from Light by negotiating a contract for deed. According to the contract for deed, Schenkel agreed to purchase the real property for $300,000.[1] Light subsequently recorded the contract for deed in the Office of the Register of Deeds on April 25, 2000. The parties have stipulated that under this contract for deed with Schenkel, Light retained a vendor's lien.[2]

[¶3.]        Thereafter, Schenkel began construction of a "go-cart race track" on the real property. Schenkel contracted with Johnson Electric Company (Johnson) to bring power to the site and to construct outdoor lighting. Johnson fully performed on this contract on June 30, 2000. Schenkel also contracted with Fullerton Lumber Company (Fullerton) for lumber and various other materials necessary for operation

---

1.    The purchase price was to be paid with a down payment of $10,000 and the balance of $290,000 to be paid, together with interest at the rate of 9 percent per annum, in 12 monthly interest only payments of $2,175 and 180 monthly principal payments of $2,941.37.

2.    SDCL 44-6-1 provides: "One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer."

of the track. Fullerton also fully performed on the contract. Although Light did not officially authorize the contracts or personally request any labor or materials, Light was aware of the construction of a "go-cart race track" on the real property.

[¶4.] Light received a down payment of $10,000 from Schenkel but received no further principal payments on the contract. Light commenced a foreclosure action against Schenkel on or about October 2, 2000. Schenkel also failed to pay Johnson and Fullerton for the materials and labor they furnished. Johnson and Fullerton each properly recorded mechanic's liens on October 16, 2000 and October 17, 2000, respectively. Both of these mechanic's liens attached to the real property.

[¶5.] Ultimately, Schenkel filed a petition for Chapter 7 Bankruptcy. Light's foreclosure action was stayed by the bankruptcy court and was never pursued to judgment. On February 20, 2001, the bankruptcy court rejected the contract for deed, and Schenkel was discharged from all personal claims by Johnson, Fullerton and Light. The bankruptcy court concluded that Schenkel's discharge only discharged her personal liability on the debts and that any valid lien attaching to the real property before the petition date was unaffected by the discharge.

[¶6.] On September 7, 2001, Light obtained a quitclaim deed from Schenkel for purposes of clearing the chain of title. Schenkel signed the quitclaim deed, transferring her interest in the real property to Light. The quitclaim deed was recorded on October 31, 2001. Light claimed that his intent, by receiving delivery of the deed and recording the same, was to clear any liens from the title to the real property and not to waive his vendor's lien.

[¶7.] In May of 2004, Johnson commenced an action against Light to foreclose on his mechanic's lien. Johnson later joined Fullerton as a necessary party. Fullerton then cross-claimed against Light in order to foreclose on its mechanic's lien. As a defense, Light claimed that his vendor's lien had priority over the two mechanic's liens in the foreclosure action.

[¶8.] The circuit court ruled against Light. The court concluded that the vendor's lien had priority over the mechanic's liens prior to acceptance of the quitclaim deed. However, the court determined that when Light intentionally drafted, received delivery of, and recorded Schenkel's quitclaim deed, Light's vendor's lien was extinguished. Thus, the mechanic's liens of Johnson and Fullerton gained priority. The circuit court ordered a sheriff's sale of the real property for satisfaction of all liens. After the sale, the court directed distribution of the proceeds first to Johnson in the amount of $23,330.16 and Fullerton in the amount of $7,984.66, with the remainder to Light. The court also awarded Johnson and Fullerton attorney fees.

[¶9.] On appeal, Light raises the issue of whether the circuit court erred when it concluded that Light's acceptance of the quitclaim deed terminated his vendor's lien.

### STANDARD OF REVIEW

[¶10.] "A vendor's lien and the right to its enforcement are purely statutory in South Dakota." Weaver v. Blake, 300 NW2d 52, 55 (SD 1980) (citing SDCL 44-6-1). "'Construction of a statute is a question of law and is, therefore, fully reviewable without deference to the interpretation made by the trial court.'" State v.

Schroeder, 2004 SD 21, ¶5, 674 NW2d 827, 829 (quoting Delzer v. Penn, 534 NW2d 58, 61 (SD 1995)).)). This Court employs the de novo standard of review for issues of statutory construction. State v. Asmussen, 2006 SD 37, ¶12, 713 NW2d 580, 586. "'Statutory construction is used to discover the true intention of the law which is ascertained primarily from the language expressed in the statute.'" *Id.* (quoting Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611). Whether a waiver has occurred is a mixed question of law and fact. Christensen v. Christensen, 2003 SD 137, ¶12, 672 NW2d 466, 470. "Mixed questions of law and fact that require the reviewing Court to apply a legal standard are reviewable de novo." State *ex rel.* Bennett v. Peterson, 2003 SD 16, ¶13, 657 NW2d 698, 701.

## DECISION

[¶11.]     "A vendor's lien is the equitable right which the seller impliedly retains to subject the land conveyed as security for payment of the purchase money." *Weaver*, 300 NW2d at 54. "Such a lien exists unless it clearly appears from the circumstances attending the transaction that the vendor intended to waive or not to rely upon his equitable rights." *Id.* A vendor's lien may be waived by acts or omissions of the vendor. Smith v. Danforth, 54 SD 250, 257, 223 NW 59, 62 (1929). However, "'in order to constitute a waiver, there must be some act or omission on the part of the vendor inconsistent with his assertion of the lien and evincing his intention to waive it.'" *Id*. (citation omitted). Furthermore, the act or omission should be such that it "'would render it inequitable [for the vendor] to thereafter attempt to assert it.'" *Id*.

[¶12.]     Although South Dakota has not explicitly ruled on the effect of acceptance of a quitclaim deed on a vendor's lien, several cases have addressed the effect of acceptance of a quitclaim deed on a recorded real estate purchase agreement and a contract for deed. According to *Preheim v. Ortman*, demanding a quitclaim deed is "unequivocal conduct inconsistent with the continuance of the recorded real estate purchase agreement." 331 NW2d 62, 64 (SD 1983). The *Preheim* Court concluded that the asking for and delivery of the quitclaim deed amounted to a mutual rescission of the purchase agreement and terminated the parties' rights thereunder, including any cause of action for breach of contract. *Id.* Similarly, the demand and receipt of a quitclaim deed was held to mutually rescind rights under a contract for deed. Morrell Employees Federal Credit Union v. Mehlhaff, 376 NW2d 59, 61 (SD 1985) (the quitclaim transaction expressly extinguished the interest acquired and served to terminate and release the contract for deed).

[¶13.]     In this case, Light accepted the quitclaim deed seven months after Schenkel was discharged from the debt in bankruptcy. Although Light claims he never acquiesced to waive his vendor's lien, his actions assert the contrary. According to South Dakota law, acceptance of a quitclaim deed rescinds a purchase agreement and a contract for deed, along with the rights thereunder. *Preheim*, 331 NW2d at 64; *Morrell Employees Federal Credit Union*, 376 NW2d at 61. Light's right to a vendor's lien arose from and was dependent on the contract for deed. Because the contract for deed was rescinded by the quitclaim deed from Schenkel, all Light's rights under the contract for deed were extinguished.

[¶14.]     Thus, Light's action of accepting the quitclaim deed manifested his intent not to rely on the vendor's lien, which arose from the contract for deed. The purpose of the vendor's lien was to provide the real property as security in the instance of Schenkel's default. Because Schenkel quitclaimed her rights to the real property back to Light, there was no further need for security. Any rights to the property Schenkel may have had under the contract for deed were terminated by her quitclaim deed to Light. Thus, Light's acceptance of the quitclaim deed not only terminated the contract for deed but also extinguished his vendor's lien and allowed the mechanic's liens to gain priority.

[¶15.]     Because this Court concludes acceptance of the quitclaim deed terminated Light's vendor's lien, it is not necessary to address the other issues raised on appeal.[3]

[¶16.]     Pursuant to SDCL 44-9-42, Johnson's request for appellate attorney's fees in the amount of $3,118.91 is granted.

[¶17.]     Affirmed.

[¶18.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, participating.

---

3.     Light did not raise and the circuit court did not consider the issue of forfeiture. "'Issues not addressed or ruled upon by the trial court will not be addressed by this Court for the first time on appeal.'" Wandler v. Lewis, 1997 SD 98, ¶16, 567 NW2d 377, 381-82 (citation omitted).