#24528-a-JKK

**2008 SD 43**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

In The Matter of the Administration of
The C.H. YOUNG Revocable Living Trust
Agreement Dtd. 12-9-94;
as Amended 12-21-94

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE GLEN W. ENG
Judge

* * * *

JAMES R. DAVIES                         Attorney for appellant CorTrust
Alexandria, South Dakota                Bank - Trustee for C.H. Young
                                        Revocable Trust.


E. STEEVES SMITH of                     Attorneys for appellees Estate
Tinan, Smith and Bucher                 of Alice Young and Reginald
Mitchell, South Dakota                  D. Young.


                            * * * *

                                        CONSIDERED ON BRIEFS
                                        ON JANUARY 7, 2008

                                        OPINION FILED **06/11/08**

#24528

KONENKAMP, Justice

[¶1.]     A trust instrument allocated all but eighty acres of land to specific beneficiaries.  One beneficiary believed that the trustor intended to assign the eighty acres to him.  When a petition to modify the trust was submitted, the circuit court denied it on grounds of laches and expiration of the statute of limitations.  We conclude that the doctrine of laches precludes reforming or modifying the trust instrument because the aggrieved beneficiary, while knowing of the problem, took no action to petition the court for over ten years.

### Background

[¶2.]     C.H. Young (Cy) and his wife, Alice L. Young, had five children: Robert, Reginald, Keith, William, and Linda.  On December 9, 1994, Attorneys Jack Theeler and Don Peterson met with Cy, Alice, and Robert at the nursing home where Cy resided.  In this meeting, Cy finalized the provisions of his C.H. Young Revocable Living Trust Agreement.  These provisions were explained to Cy, and he affirmed his designation of beneficiaries.  Because numerous legal descriptions were required for the properties placed in trust, a color-coded map had been prepared so that Cy could point out the property he wanted to go to each of his children.  At the end of this meeting, the trust was executed.  It provided that after Cy's death Alice would receive the income from the trust properties during her lifetime.  Upon her death, the property would go to the specified beneficiaries.  Cy was designated as the Trustee, with Robert as the successor Trustee.  The trust document was later amended to make corrections not relevant to this appeal.

-1-

[¶3.] Cy died on July 17, 1995, and Robert became the Trustee. In January 1996, Robert learned that an eighty-acre tract of land he believed had been assigned to him was not so designated in the trust. The lawyers informed Cy's family that this tract would be distributed according to the trust's residual clause. Robert attempted, through Attorney Theeler, to have the residuary heirs quitclaim this "disputed" land to him. These efforts failed. Nevertheless, in January 1996, Robert allocated this tract to himself in the South Dakota Inheritance Tax Report and paid the inheritance tax on this property.

[¶4.] During the next ten years, Robert managed the trust and provided for Alice with the income from the trust properties as Cy intended. She died on July 23, 2006. Robert then petitioned for court supervision of the trust, approval of his final accounting, permission to resign, and for appointment of a successor trustee. Reginald and the Estate of Alice (Objectors) opposed Robert's petition. While the Objectors did not challenge Robert's resignation, they resisted the appointment of CorTrust Bank as the successor Trustee. They believed a conflict would exist because Robert was a member of the bank's trust committee. The court accepted Robert's final accounting, granted his request to resign, and assigned CorTrust Bank as the successor Trustee. But Robert was specifically prohibited from engaging in any administration of the trust by CorTrust Bank.

[¶5.] On January 3, 2007, the new Trustee petitioned to modify the terms of the trust. It asserted that Cy intended to grant Robert the disputed eighty-acre tract and that designation to Robert was inadvertently omitted. After a hearing,

the circuit court ruled that the statute of limitations on the petition had expired and that the doctrine of laches applied. The Trustee appeals.

## Analysis and Decision

[¶6.] According to the Trustee, the evidence is "clear, convincing and uncontroverted" that Cy wanted Robert to receive the disputed land, and therefore, under SDCL ch 55-3, the terms of the trust should be modified.* A court may modify the dispositive terms of a trust under SDCL 55-3-26 "if, because of circumstances not anticipated by the trustor, modification . . . of the trust would substantially further the trustor's purposes in creating the trust." Similarly, "the court may reform the terms of the trust to conform to the trustor's intention if the failure to conform was due to a mistake of fact or law and the trustor's intent can be established." SDCL 55-3-28.

[¶7.] The controlling question here is not what Cy intended or whether the circumstances warrant modification or reformation. Rather, we must determine whether the circuit court erred when it denied the Trustee's petition because it was filed too late, due both to laches and the expiration of the statute of limitations. We conclude that the laches question is dispositive. We review de novo the court's ruling on the question of laches. *See* FB & I Bldg. Products, Inc. v. Superior Truss & Components, 2007 SD 13, ¶12, 727 NW2d 474, 478 (questions of law reviewed de novo); Tovsland v. Reub, 2004 SD 93, ¶14, 686 NW2d 392, 398 (citations omitted).

---

\* Although the current Trustee (and appellant) is CorTrust Bank, it was assigned to be the Trustee only after the final accounting in 2006. Robert was the Trustee during all relevant times in this case. Therefore, when

(continued . . .)

[¶8.] In its findings of fact, the circuit court found that the "evidence was clear that Robert was put on notice early on that the trust did not do what he believed his father's intent was." Robert attempted to have the other beneficiaries agree to change the trust, but they refused. Failing that, he had the option to seek reformation by petitioning the court. Yet, this was not done until January 3, 2007, when the new Trustee was appointed. Thus, the court concluded that, in not timely petitioning for reformation, Robert disadvantaged the other beneficiaries. As the court noted, Alice, Cy's widow, had been present at times when these matters were discussed and "would have had knowledge of [Cy's] intent and also would have had the ability to provide insight in this matter." Thus, Robert's inaction "resulted in a long period of time passing without correcting" what Robert thought was "the correct distribution of the property, especially by waiting until after the death of Alice on July 23, 2006." Consequently, the court concluded that Robert had "a responsibility to act; he [could not] sit and hope that at some point in the future the situation [would] be corrected."

[¶9.] In ruling that the doctrine of laches applied, the court found that Robert had "full knowledge of the facts upon which the action [was] based; regardless of this knowledge, he engaged in an unreasonable delay before this petition was brought; and allowing the petition for reformation to proceed would prejudice the other beneficiaries." The court declared that "[t]he delay of at least

_____

(. . . continued)
 speaking of the Trustee's actions, the fact that CorTrust Bank is the current Trustee is of no significance.

ten years between the time the supposed drafting error was discovered and . . . initiating an action to remedy said error . . . on January 3, 2007, was certainly more than unreasonable delay."

[¶10.]       SDCL 55-3-26 and SDCL 55-3-28 are codifications of the common law equitable power of courts to modify the terms of a trust instrument when necessary to serve the original intention of the trustor. *See, e.g.*, Ike v. Doolittle, 70 CalRptr2d 887, 907 (CalCtApp 1998). Laches is an equitable defense. Hyde v. Liebelt, 394 NW2d 888, 893 (SD 1986) (Wuest, C.J., dissenting). For laches to bar recovery in this case, the Objectors were required to show that Robert (1) had full knowledge of the facts upon which the action was based, (2) regardless of this knowledge, he engaged in an unreasonable delay before seeking relief in court, and (3) that it would be prejudicial to proceed with the petition to modify the trust. *See* Conway v. Conway, 487 NW2d 21, 24 (SD 1992) (citing Golden v. Oahe Enterprises, Inc., 90 SD 263, 277, 240 NW2d 102, 110 (1976)) (additional citations omitted).

[¶11.]       Robert, as both beneficiary and Trustee, was on notice of the purported discrepancy in the trust instrument. There is no dispute that in January 1996 Robert learned that the trust had not assigned the disputed land to him. Yet he allocated this land to himself in the South Dakota Inheritance Tax Report. Knowing of this purported oversight, Robert tried to have the residual heirs quitclaim the property to him. They refused. Still, no effort was made to modify the terms of the trust in court until more than ten years later, after Alice had passed away. She was involved in or at least present during the preparation and execution of the trust documents and may have been able to cast light on Cy's

intent. Thus, not only was the delay unreasonable, it prejudiced the beneficiaries. It hindered the court's ability to ascertain Cy's true intent. We see no error in denying the petition. All the elements of laches were present.

[¶12.]     Affirmed.

[¶13.]     GILBERTSON, Chief Justice, and SABERS, ZINTER, and MEIERHENRY, Justices, concur.