#24991-rev & rem-JKK

**2009 SD 84**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

JENECE L. WEHRKAMP,                    Plaintiff and Appellant,

    v.

LARRY L. WEHRKAMP,                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE A. P. FULLER
Judge

\* \* \* \*

JOHN K. NOONEY
AARON T. GALLOWAY of
Nooney, Solay & VanNorman, LLP            Attorneys for plaintiff
Rapid City, South Dakota                    and appellant.

JAMES L. WAGGONER                    Attorney for defendant
Rapid City, South Dakota                    and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
FEBRUARY 17, 2009
REASSIGNED 07/06/09

OPINION FILED **09/16/09**

#24991

KONENKAMP, Justice (on reassignment).

[¶1.] In a divorce stipulation, the father agreed to pay for his daughter's college expenses. The daughter enrolled in college when she was thirty-two years old and married. When the father refused to pay, the mother moved the circuit court for an order requiring the father to comply with the stipulation. The father sought to modify the divorce decree, and both sides moved for summary judgment. In granting summary judgment for the father, the court ruled that the claim for college expenses was barred by the six-year limitations period for enforcement of contracts and also by the doctrines of waiver and laches. We reverse and remand because the twenty-year statute of limitations for enforcement of judgments applies here and the doctrines of waiver and laches are inapplicable.

## Background

[¶2.] Jenece L. Wehrkamp (Deis) and Larry L. Wehrkamp were married in 1968. One child, Denece, was born to the marriage on October 30, 1975. The parties divorced in 1977. Their support, property settlement, and child custody agreement was incorporated into the parties' judgment and decree of divorce. That stipulation provided in relevant part:

> [The father] agrees to and shall pay to, for or on behalf of the said child all costs and expenses reasonably necessary to permit the said child to attain a four (4) year college education at a college of [the mother's] choice, and the reasonability of said cost and expenses for such purposes shall be measured by and commensurate with [the father's] then station in life and financial status.

[¶3.] In 1994, shortly after Denece graduated from high school, she asked her father for $761 to enroll in a community college. According to Denece, he

-1-

refused, saying he could not afford the expense. Denece later learned, however, that her father took his family from a later marriage on an African Safari. Denece decided not to enroll in the community college after her father refused to fund her education. She had recently given birth to a child.

[¶4.]     In 2000 and 2001, Denece attended college at Regis University in Fort Collins, Colorado, as a benefit of her employment with Sun Microsystems, Inc. Then, toward the end of 2007, at age thirty-two, Denece enrolled at Denver University to complete a degree in construction management. She funded her education with private and federal loans. She expects to take eight quarters to complete her degree. She is married and the mother of two children.

[¶5.]     Following Denece's enrollment, her mother, Deis, sought an order to show cause to enforce the parties' stipulation. Denece's father responded by moving the court to modify the divorce decree to relieve him of any obligation to pay for her college expenses. Thereafter, both parties moved for summary judgment, arguing that the issue could be decided as a matter of law. The circuit court denied Deis's order to show cause and the father's motion to modify the divorce decree. But the court granted the father's motion for summary judgment, concluding that Deis's claim was barred by the expiration of the statute of limitations, as well as by the doctrines of waiver and laches. Deis appeals on the grounds that the court erred when it concluded that the statute of limitations expired and that the doctrines of waiver and laches apply.[1]

---

1.     When reviewing a grant of summary judgment, "'we decide only whether genuine issues of material fact exist and whether the law was correctly

(continued . . .)

## Analysis and Decision

### 1. Statute of Limitations

[¶6.] The father argues that Deis had six years from 1994 to bring her claim to enforce the parties' stipulation. In particular, he contends that because the stipulation is a contract governed by SDCL 15-2-13(1), and Denece requested that he pay for her schooling in 1994, the cause of action accrued in 1994 and expired in 2000. The circuit court agreed, finding that Deis's claim accrued in 1994, when Denece first requested money for her education from her father. The court held that the parties' agreement was controlled by the contract-based statute of limitations, and the claim expired six years after it accrued. The circuit court was misled by our language in *Fox v. Burden*, 1999 SD 154, ¶26, 603 NW2d 916, 923, where we mistakenly noted that because the divorce stipulation (incorporated into the decree) was "governed by the rules of contract[,]" the contract statute of limitations applied to enforcement of the stipulation. This was error, and to that extent *Fox* is overruled.

[¶7.] While we have consistently applied contract principles to the interpretation of a divorce agreement, when it comes to the limitations period for enforcement of the agreement, if it is incorporated into the divorce decree, such agreement merges into the decree and becomes part of the judgment. Culhane v. Michels, 2000 SD 101, ¶21, 615 NW2d 580, 587 (citing SDCL 15-2-6(1); Hershey v.

_____

(. . . continued)
applied.'" Bordeaux v. Shannon County Sch., 2005 SD 117, ¶11, 707 NW2d 123, 126 (quoting Schulte v. Progressive Northern Ins. Co., 2005 SD 75, ¶5, 699 NW2d 437, 438 (citing Kobbeman v. Oleson, 1998 SD 20, ¶4, 574 NW2d 633, 635)).

Hershey, 467 NW2d 484, 486 (SD 1991)). Deis's claim for enforcement of the stipulation is "[a]n action upon a judgment or decree[.]" *See* SDCL 15-2-6(1). Therefore, it is not the six-year statute of limitations applicable to contracts, but the twenty-year limitations period applicable to judgments that pertains to this action. *See* SDCL 15-2-6(1). Deis's suit to enforce the stipulation was timely brought because whether the claim accrued in 1994 when Denece first sought college funding from her father, or in 2008 when she again sought funding, either accrual time was within the twenty-year limitations period.[2]

### 2. Waiver

[¶8.] The circuit court found that even if the statute of limitations had not expired, the claim for college expenses was barred by the doctrine of waiver. "Whether a waiver has occurred is a mixed question of law and fact[,]" which is reviewed de novo. Johnson v. Light, 2006 SD 88, ¶10, 723 NW2d 125, 127 (citations omitted). "A waiver exists 'where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his [or her] intention to rely upon it." Western Cas. and Sur. Co. v. American Nat'l Fire Ins. Co., 318 NW2d 126, 128 (SD 1982) (citations omitted).

---

2.    The parties dispute when the claim accrued for purposes of the statute of limitations. The father argues that the claim accrued in 1994, when Denece first requested that he pay for her college expenses. Deis argues that the claim accrued in 2008, when Denece first enrolled in and paid for her classes. We need not decide the question because either way the limitations period has not expired.

[¶9.]        In finding a waiver, the circuit court reasoned that Denece and Deis were aware in 1994 that the father had an obligation to pay under the terms of the stipulation and they did nothing to enforce the obligation. Such inaction was, in the court's view, inconsistent with Denece's right to receive funding for her college education. "To support the defense of waiver, there must be a showing of a clear, unequivocal and decisive act or acts showing an intention to relinquish the existing right." Norwest Bank South Dakota, N.A. v. Venners, 440 NW2d 774, 775 (SD 1989) (citation omitted); *see also* Auto-Owners Ins. Co. v. Hansen Housing, Inc., 2000 SD 13, ¶30, 604 NW2d 504, 513. Despite the fourteen years that elapsed between when Denece first requested her father to pay for her college expenses and the current request, there was no clear, unequivocal, and decisive act to support waiver. Denece did not attend college in 1994 after her father refused to provide funding. Therefore, she did not relinquish her right under the agreement. By the terms of the stipulation, Denece's right to funding from her father was not dependent on her attending college at a specific time or by a specific age. As the circuit court noted, the provisions of the agreement are "clear and unambiguous." Nothing in that agreement dictates when Denece must begin college. Thus, the mere lapse of time does not support a waiver. The court erred when it held that waiver precluded Deis from enforcing the stipulation.

### 3. Laches

[¶10.]        Lastly, the court found that the doctrine of laches precluded Deis from enforcing the stipulation. For laches to bar recovery, the father was required to show that Deis "(1) had full knowledge of the facts upon which the action was based,

(2) regardless of this knowledge, [she] engaged in an unreasonable delay before seeking relief in court, and (3) that it would be prejudicial to proceed" with the action to enforce the stipulation. *See In re* Administration of the C.H. Young Revocable Living Trust, 2008 SD 43, ¶10, 751 NW2d 715, 717-18 (citing Conway v. Conway, 487 NW2d 21, 24 (SD 1992) (citing Golden v. Oahe Enterp., Inc., 90 SD 263, 277, 240 NW2d 102, 110 (1976)) (additional citations omitted)). The circuit court found, based on the parties' undisputed facts, that Denece and Deis "(1) had full knowledge of the facts [in 1994] upon which the action was based, (2) regardless of this knowledge, they engaged in unreasonable delay before seeking relief, and (3) it would be prejudicial to [the father] to enforce the provisions of the [s]tipulation." More specifically, the court found that because the cost of tuition and books necessary to attend college had "increased exponentially[,]"as compared to the expense for the same in 1994, the fourteen-year delay prejudiced the father.

[¶11.]        We review de novo a court's ruling on the applicability of the doctrine of laches. *Id.* ¶7 (citations omitted). Laches does not apply merely because time has elapsed. *Conway*, 487 NW2d at 25 (citing *Golden*, 90 SD at 277-78, 240 NW2d at 110). Rather, the circumstances must warrant charging the complainant with a lack of diligence in failing to proceed more promptly. *Id.* Here, the parties' stipulation does not condition the father's obligation to pay on Denece attending college by a certain time or age. Nor does it limit the amount the father is obligated to expend to 1994 dollars. Rather, the only limitation set forth in the agreement is that the father pay "all costs and expenses *reasonably necessary*" for Denece "to attain a four (4) year college education" and that "the *reasonability* of said costs and

expenses for such purposes shall be measured by and commensurate with [the father's] then station in life and financial status." (Emphasis added.) As we wrote in *Culhane*,

> This is an action on a divorce judgment which may be commenced "within twenty years after the cause of action shall have accrued[.]" Logically, enforcing a valid judgment would rarely invoke the application of laches, especially in a case where the judgment requires periodic payments.

2000 SD 101, ¶15, 615 NW2d at 586 (internal citations omitted).

[¶12.] There is no evidence that Deis delayed in seeking relief under the terms of the parties' agreement because the agreement set no date for commencement or completion of Denece's college education. While Denece requested her father to pay for her education in 1994, she never actually attended college during the year of that request. And there is no claim in this proceeding for the money requested in 1994. Therefore, Deis should not be charged with a lack of diligence in enforcing Denece's right. The court erred when it concluded that the doctrine of laches applied.

[¶13.] Summary judgment was erroneously granted to the father and denied to Deis. The case is remanded for the court to determine the costs and expenses reasonably necessary for Denece's college education "measured by and commensurate with [the father's] then station in life and financial status," in accord with the parties' divorce stipulation. The father's petition for appellate attorney's fees is denied.

[¶14.] Reversed and remanded.

#24991

[¶15.]        GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, and TIMM, Circuit Judge, concur.

[¶16.]        TIMM, Circuit Judge, sitting for SABERS, Retired Justice, disqualified.